UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAL TRELSKI, | ) | CASE NO: |
| Plaintiff, | ) | **COMPLAINT** |
| v. | ) | |
| INTEGRITY SOLUTION SERVICES, INC. and CENTRAL CREDIT SERVICES, INC., | ) | JURY TRIAL DEMANDED |
| | ) | MARCH 3, 2015 |
| Defendants. | ) | |

NOW COMES, the Plaintiff, MICHAL TRELSKI (hereinafter, the "Plaintiff"), by and through the LAW OFFICES OF JOSHUA B. KONS, LLC, and for his complaint against the Defendant, INTEGRITY SOLUTION SERVICES, INC. and CENTRAL CREDIT SERVICES, INC. (hereinafter, the "Defendants"), the Plaintiff states as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA"), *15 U.S.C. §1692*, et seq.

## II. JURISDICTION & VENUE

2. Plaintiff brings this action under *15 U.S.C. §1692k*, asserting original jurisdiction of this court for civil actions arising under the laws of the United States.

3. Plaintiff also brings certain claims as denoted herein pursuant to *28 U.S.C. §1367*, asserting supplemental jurisdiction over those claims herein which does not arise under the laws of the United States but which are part of the same case and controversy alleged herein.

4. Venue is proper in this district pursuant to *28 U.S.C. §1391(b)*.

1

5. Defendants conducted business in the state of Connecticut, and therefore, personal jurisdiction is established.

### III. PARTIES

6. Plaintiff MICHAL TRELSKI is an individual who was at all relevant times residing at 716 Long Hill Road, Middletown, Connecticut. Middletown is situated in the District of Connecticut.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. §1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. §1692a(5)*.

8. Defendant INTEGRITY SOLUTION SERVICES, INC. ("ISSI") a national debt collection company with corporate headquarters located 20 Corporate Hills Dr., St. Charles, MO 63301.

8. Defendant CENTRAL CREDIT SERVICES, INC. ("CCSI") a national debt collection company with corporate headquarters located 9550 REGENCY SQUARE BLVD, Suite 500, Jacksonville, FL 32225. Upon information and belief, on or before November 2014, Defendant CSSI acquired or otherwise merged with Defendant ISSI.

9. At all relevant times, both Defendants were a debt collector as that term is defined by *15 U.S.C. §1692a(6)*, and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. At all relevant times, both Defendants acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. FACTUAL ALLEGATIONS

11. At all relevant times, Defendants were attempting to collect an alleged consumer debt from Plaintiff, related to a student loan.

12. The debt at issue arose out of a transaction which was primarily for the purpose of paying for Plaintiff's college education.

13. Defendants both contacted Plaintiff on his cellular telephone on numerous occasions in a harassing and abusive manner, including but not limited to (i) calling multiple times per day; (ii) calling multiple times but failing to leave a voicemail; (iii) calling before 8:00 am and after 9:00 pm; and (iv) calling his cellular telephone on the weekends.

14. On numerous occasions when Plaintiff did communicate with the Defendants and its agents about his consumer debt, he was verbally abused by each of the Defendants and its agents for being unable to pay his consumer debt, including but not limited to being called insulting names and stating or implying that the Plaintiff was "irresponsible" and accruing consumer debt (in the form of a student loan) that could not afford to repay.

15. In addition to the harassing telephone calls made by the Defendants and its agents to the Plaintiff, on various occasions the Defendants contacted various third parties (including, but not including the Plaintiff's parents, brother, girlfriend, along with his former employer) and discussed the Plaintiff's consumer debt with them.

16. At the time Defendants contacted third parties, Defendants possessed Plaintiff's cell phone number and had been repeatedly been contacting Plaintiff at that number and therefore, upon information and belief, Defendants communicated with third parties regarding his debt for no lawful business purpose, but rather to abuse, embarrass and harass Plaintiff.

17. These harassing calls to the various third parties the Defendants were contacting about the Plaintiff's debt placed a strain on his personal relationships, and ultimately let the Plaintiff being terminated by his former employer due to the harassing phone calls placed to them by Defendants and its agents.

18. Defendants' actions as described herein were made with the intent to harass, abuse, annoy, and upset in an intentional effort to coerce a payment on the outstanding consumer debt from the Plaintiff.

19. As a result of the Defendants' pattern and practice of harassing the Plaintiff, Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

## V. CAUSES OF ACTION

### COUNT I: DEFENDANT VIOLATED THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates by reference and re-alleges the allegations set forth above as if fully stated herein.

20. Defendants are each a a "debt collector" as defined by *15 U.S.C. §1692a(6)*.

21. Plaintiff is a "consumer" as defined by *15 U.S.C. §1692c(d)* and *15 U.S.C. §1692a(3)*.

22. At all relevant times, Defendants attempted to collect a consumer "debt" as defined by *15 U.S.C. §1692a(5)* from the Plaintiff.

23. In connection with its attempts to collect a consumer debt from the Plaintiff, Defendants' actions violated the Federal Fair Debt Collection Practices Act ("FDCPA"). Defendants' violations include, but are not limited to, the following:

(a) As described above, Defendants violated *15 U.S.C. §1692b(3)* of the FDCPA by communicating with Plaintiff's parents, brother, girlfriend and former employee more than once about his debt, despite being in possession of Plaintiff's current contact information and not having been requested to call the third parties.

(b) As described above, Defendants violated *15 U.S.C. §1692d* and *§1692d(5)* of the FDCPA when they repeatedly placing calls to the Plaintiff on his cellular phone with intent to harass, abuse and annoy him.

(c) As described above, Defendants violated *15 U.S.C. §1692c(a)(1)* by placing repeated calls to the Plaintiff at unusual times and places where the Defendants knew or should have known would be inconvenient to the Plaintiff. These harassing calls made by Defendants to Plaintiff include, but are not limited to, calls placed on the weekends, calls placed before 8:00 a.m., and calls placed after 9:00 p.m.

24. As a proximate result of the above mentioned violations, Plaintiff has suffered, as herein alleged, actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

25. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to *15 U.S.C. §1692k(a)(1)*, statutory damages in the amount of $1,000 pursuant to *15 U.S.C. §1692k(a)(2)(A)*, and reasonable attorneys' fees and costs pursuant to *15 U.S.C. §1692k(a)(3)*.

## VI. TRIAL BY JURY

26. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAL TRELSKI, by and through his attorney, respectfully requests that request that the court find that the Defendants, INTEGRITY SOLUTION SERVICES, INC. and CENTRAL CREDIT SERVICES, INC. has violated has violated Federal Fair Debt Collection Practices Act, and respectfully requests judgment be entered against the Defendant for the following:

1. All actual compensatory damages suffered pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k(a)(1)*;

2. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*(a)(2)(A);

3. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. §1692k*(a)(3)*;*

4. Actual damages for the emotional distress suffered as a result of the intentional, reckless, and/or negligent violations of the Fair Debt Collection Practices Act in an amount to be determined at trial for the Plaintiff;

5. Punitive damages to punish the Defendant for its reckless and intentional misconduct; and

6. Such other and further relief as may be just and proper.

Dated this March 3, 2015

        Respectfully submitted,
        **MICHAL TRELSKI**

        By: <u>/s/ Joshua B. Kons</u>

        Joshua B. Kons (ct29159)
        LAW OFFICES OF JOSHUA B. KONS, LLC
        50 Albany Turnpike, Suite 4024
        Canton, CT 06019
        T: 860-920-5181
        E: joshuakons@konslaw.com